UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUETTS
(WESTERN DIVISION)



ALBERT HENRY HUGH SCARDINO and )
ALBERT SCARDINO, )
             Plaintiffs, )
  )
v. )
  )
SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, )
INC. d/b/a SIX FLAGS NEW ENGLAND, STUART )
AMUSEMENT COMPANY, and INTAMIN AG, )
  )
             Defendants. )

04 - 30140 - MAP

C.A. No.

## COMPLAINT

### PARTIES

1. Plaintiff Albert Henry Hugh Scardino ("Albert H. Scardino") was born on December 25, 1984. He is a United States citizen who resides at 19 Empire House, Thurloe Place, London SW7 2RU, United Kingdom.

2. At the time of the incident that gives rise to this Complaint, Albert H. Scardino was the minor child of Plaintiff Albert Scardino, who resides at 19 Empire House, Thurloe Place, London SW7 2RU, United Kingdom. As the Plaintiff's parent, Albert Scardino was legally responsible for his care and treatment, including the cost of medical and living expenses incurred by Albert H. Scardino.

3. Defendant Six Flags, Inc. ("Six Flags") is a Delaware corporation with a principal place of business at 11501 Northeast Expressway, Oklahoma City, Oklahoma. It is the parent of Six Flags New England and operates in Massachusetts through its subsidiaries, Stuart Amusement Company and Riverside Park Enterprises, Inc., d/b/a Six Flags New England.

4. Defendant Riverside Park Enterprises, Inc., d/b/a Six Flags New England ("Six Flags N.E."), is a Massachusetts corporation with a principal place of business at 1623 Main Street, Agawam, Massachusetts 01001. Six Flags N.E. is a subsidiary of Six Flags. Its purpose is to operate the Six Flags N.E. amusement park in Agawam, Hampden County, Massachusetts. It is registered as a d/b/a with the Town of Agawam.

5. Defendant Stuart Amusement Company ("Stuart Amusement"), is a Massachusetts corporation with a principal place of business at 1623 Main Street, Agawam, Hampden County, Massachusetts 01001. Stuart Amusement is a subsidiary of Six Flags. Its purpose is to operate the Six Flags N.E. amusement park in Agawam, Massachusetts. It is also the record owner of the property at 1623 Main Street, Agawam, Massachusetts, where the amusement park is located.

6. Defendant Intamin AG ("Intamin") is a Swiss corporation with a principal place of business at Verenastrasse 37, P.O. Box 95, CH-8832 Wollerau, Switzerland. Intamin also maintains an office in the United States at P.O. Box 284, Millersville, Maryland. Intamin is a manufacturer of roller coaster and other thrill rides. Intamin manufactured the Superman Ride of Steel roller coaster ("the Ride") which is located at Six Flags N.E.

JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court because there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000. Furthermore, jurisdiction (pursuant to the long arm statute, Mass. Gen. L. c. 223A, § 3) and venue (pursuant to 28 U.S.C. § 1391) is proper in this Court because Six Flags, Six Flags N.E. and Stuart Amusement (collectively the "Park Defendants") own property in Hampden County and/or have a principal place of business at 1623 Main Street, Agawam, MA 01001, Hampden County. Furthermore, the Defendants jointly and severally: regularly transact, conduct

BOS_454555_1/WROSEBUSH

or solicit business, engage in other persistent conduct, or derive substantial revenue from goods used or consumed or services rendered in Hampden County; and caused tortious injury to the Plaintiffs in Hampden County.

## FACTS

8. The Park Defendants own and/or operate the amusement park known as Six Flags N.E. Each of the Park Defendants had a duty to keep their patrons safe, to properly train their employees, and to maintain, inspect and properly operate the amusements and rides offered at Six Flags N.E. The Park Defendants expressly or impliedly warranted that the Ride was safe and free from defects or hazards, was merchantable, and was fit for the particular purpose for which it was employed.

9. Intamin manufactured the Ride at issue and had a duty to properly design and manufacture the Ride. Intamin expressly or impliedly warranted that the Ride was safe and free from defects or hazards, was merchantable, and was fit for the particular purpose for which it was employed.

10. On or about August 6, 2001, the Plaintiff Albert H. Scardino was lawfully on the premises of Six Flags N.E. at 1623 Main Street, Agawam, Hampden County, Massachusetts, as a patron of the amusement park. At all relevant times, the Plaintiff Albert H. Scardino exercised due care.

11. While at Six Flags N.E. on August 6, 2001, the Plaintiff Albert H. Scardino was a passenger for hire on the Ride, which was manufactured by Intamin. The Ride opened in 2000 and is owned and operated by the Park Defendants. The Ride is approximately 200 feet at its peak and, on information and belief, reached approximate speeds of 80 miles per hour.

BOS_454555_1/WROSEBUSH

12. On August 6, 2001, the Ride was not equipped with seat belts or other properly operating restraints. Furthermore, the Ride was also not properly operated, inspected, maintained or designed.

13. While Plaintiff Albert H. Scardino was on the Ride, the brakes failed to properly and timely engage, as a result of operator error and/or mechanical failure and/or improper maintenance and/or improper design.

14. As a result of the Defendants' negligence and carelessness and breach of express and implied warranties, the Ride failed to stop at a loading platform and slammed into the train in front of it. The train was traveling at excessive speed at the time of the collision.

15. Plaintiff Albert H. Scardino was seriously and permanently injured as a result of the Defendants' negligence and breach of express and implied warranties, including but not limited to a broken nose and other injuries.

16. Plaintiff Albert H. Scardino remained trapped on the Ride, bleeding and injured, for an extensive period of time, before he could be extricated and taken to the hospital for treatment, causing severe and permanent emotional distress as a result.

17. As a result of Defendants' negligence and breach of express and implied warranties, Plaintiff Albert H. Scardino has undergone substantial medical treatment, including multiple surgeries.

## COUNT I - NEGLIGENCE

18. Plaintiffs repeat and reavers each allegation of paragraphs 1 through 17 as if each were set forth here in their entirety.

BOS_454555_1/WROSEBUSH

19. As a result of the Defendants' negligence and carelessness, Plaintiff Albert H. Scardino was thrown against the car in which he was riding and was seriously and permanently injured as a result.

20. Plaintiff Albert H. Scardino has suffered and will continue to suffer great pain of body and mind, has suffered permanent, disfiguring physical injury along with significant psychological injury, and has undergone substantial medical treatment, including multiple surgeries as a result of Defendants' negligence.

21. Plaintiff Albert H. Scardino, and/or his parent, Albert Scardino, have been put to great expense for medical and hospital treatment, and have suffered other consequential damages as a result of the Defendants' negligence.

22. Plaintiff Albert H. Scardino has also been unable to perform his ordinary daily activities as a result of the Defendants' negligence, including but not limited to educational, vocational, recreational, social and familial activities.

COUNT II – BREACH OF EXPRESS AND IMPLIED WARRANTIES

23. As a result of the Defendants' breach of express and implied warranties, Plaintiff Albert H. Scardino was thrown against the car in which he was riding and was seriously and permanently injured as a result.

24. Plaintiff Albert H. Scardino has suffered and will continue to suffer great pain of body and mind, has suffered permanent, disfiguring physical injury along with significant psychological injury, and has undergone substantial medical treatment, including multiple surgeries as a result of Defendants' breach of express and implied warranties.

BOS_454555_1/WROSEBUSH

25. Plaintiff Albert H. Scardino, and/or his parent, Albert Scardino, have been put to great expense for medical and hospital treatment, and have suffered other consequential damages as a result of the Defendants' breach of express and implied warranties.

26. Plaintiff Albert H. Scardino has also been unable to perform his ordinary daily activities as a result of the Defendants' breach of implied warranties, including but not limited to educational, vocational, recreational, social and familial activities.

WHEREFORE, Plaintiffs demand Judgment against the Defendants in an amount which will compensate them for their injuries and damages, including attorney's fees, costs and interest.

## JURY DEMAND

### PLAINTIFFS DEMAND A TRIAL BY JURY.

ALBERT HENRY HUGH SCARDINO and
ALBERT SCARDINO

By their attorneys,

Albert L. Kramer
64 Humphrey Street
Swampscott, MA 01907
(781) 599-9793

Alan M. Spiro  (BBO No. 475650)
Windy L. Rosebush (BBO No. 636962)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts  02110
(617) 439-4444

Date: Aug 2, 2004

- 6 -