SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30140-MAP

ALBERT HENRY HUGH SCARDINO AND )
ALBERT SCARDINO, )
    Plaintiffs )
)
vs. )
)
SIX FLAGS, INC., RIVERSIDE PARK )
ENTERPRISES, INC. d/b/a SIX FLAGS )
NEW ENGLAND, STUART AMUSEMENT )
COMPANY, and INTAMIN AG, )
    Defendants )

### ANSWER OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC. D/B/A SIX FLAGS NEW ENGLAND, ~~CROSSCLAIM~~ AND *and Stuart Amusement Company* DEMAND FOR TRIAL BY JURY

1. The defendants neither admit nor deny the allegations contained in paragraph 1 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

2. The defendants neither admit nor deny the allegations contained in paragraph 2 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

3. The defendants deny the allegations contained in paragraph 3 of the plaintiffs' complaint.

4. The defendants deny the allegations contained in paragraph 4 of the plaintiffs' complaint.

5. The defendants deny the allegations contained in paragraph 5 of the plaintiffs' complaint.

6. The defendants neither admit nor deny the allegations contained in paragraph 6 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

7. The defendants deny the allegations contained in paragraph 7 of the plaintiffs' complaint.

8. The defendants deny the allegations contained in paragraph 8 of the plaintiffs' complaint.

9. The defendants neither admit nor deny the allegations contained in paragraph 9 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

10. The defendants neither admit nor deny the allegations contained in paragraph 10 of the plaintiffs' complaint as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave the plaintiffs to their burden of proof.

11. The defendants deny the allegations contained in paragraph 11 of the plaintiffs' complaint.

12. The defendants deny the allegations contained in paragraph 12 of the plaintiffs' complaint.

13. The defendants deny the allegations contained in paragraph 13 of the plaintiffs' complaint.

14. The defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. The defendants deny the allegations contained in paragraph 15 of the plaintiffs' complaint.

16. The defendants deny the allegations contained in paragraph 16 of the plaintiffs' complaint.

17. The defendants deny the allegations contained in paragraph 17 of the plaintiffs' complaint.

AS TO COUNT I

18. The defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 17 of the plaintiffs' complaint and incorporate them herein by reference.

374243

19. The defendants deny the allegations contained in paragraph 19 of the plaintiffs' complaint.

20. The defendants deny the allegations contained in paragraph 20 of the plaintiffs' complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiffs' complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiffs' complaint.

AS TO COUNT II

23. The defendants deny the allegations contained in paragraph 23 of the plaintiffs' complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiffs' complaint.

25. The defendants deny the allegations contained in paragraph 25 of the plaintiffs' complaint.

26. The defendants deny the allegations contained in paragraph 26 of the plaintiffs' complaint.

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

### CROSSCLAIM OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC. D/B/A SIX FLAGS NEW ENGLAND, AND STUART AMUSEMENT COMPANY AGAINST INTAMIN AG

1. For the purposes of this crossclaim only, the above named defendants assert the allegations set forth in paragraphs 6, 9, and 11 of the plaintiffs' complaint.

2. Plaintiffs have alleged that Albert Henry Hugh Scardino was injured on or about August 6, 2001 while riding on the Superman Ride of Steel Rollercoaster in Agawam, Massachusetts.

374243

3. The proximate cause of any injuries to said plaintiff would be the negligence and carelessness of Intamin AG and the breach of express and implied warranties by Intamin AG as alleged in the plaintiffs' complaint, as well as Intamin AG's improper design, distribution, sale and maintenance of the Superman Ride of Steel Rollercoaster.

4. In the event that the plaintiffs should receive any judgment against the defendants Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company for damages for their alleged injuries sustained because of any negligence of said defendants, or for any breaches of alleged warranties on the part of said defendants, then in that event Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company as crossclaimants will be entitled to judgment against the defendant-in-crossclaim, Intamin AG, for contribution toward damages and costs awarded to said plaintiffs, as a result of Intamin AG being a joint tort feasor.

5. The defendants and crossclaimants Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company say that if they are found liable to the plaintiffs, then they are entitled to recover from the defendant-in-crossclaim, Intamin AG its servants, agents or employees by way of an express indemnity.

6. The defendants and crossclaimants Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company say that if they are found liable to the plaintiffs, then they are entitled to recover from the defendant-in-crossclaim, Intamin AG, its servants, agents or employees by way of an implied indemnity.

WHEREFORE, if the plaintiffs recover a judgment, it should be satisfied in whole or in part by the defendant-in-crossclaim Intamin AG

374243

THE DEFENDANTS/PLAINTIFFS-IN-CROSSCLAIM HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

          THE DEFENDANTS/
          PLAINTIFFS-IN-CROSSCLAIM
          SIX FLAGS, INC., RIVERSIDE PARK
          ENTERPRISES, INC., d/b/a SIX FLAGS
          NEW ENGLAND, AND STUART
          AMUSEMENT COMPANY

By _____
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740

## CERTIFICATE OF SERVICE

I, Jeffrey L. McCormick, Esq., hereby certify that on this 23 day of August, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Albert L. Kramer, Esq., 64 Humphrey Street, Swampscott, MA 01907 and Alan M. Spiro, Esq., Windy L. Rosebush, Esq., Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

Subscribed under the penalties of perjury.

_____
Jeffrey L. McCormick

374243