UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30140-MAP

| | |
|---|---|
| ALBERT HENRY HUGH SCARDINO AND ALBERT SCARDINO | ) ) ) |
| V. | ) ) |
| SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC. d/b/a SIX FLAGS NEW ENGLAND, STUART AMUSEMENT COMPANY, and INTAMIN AG, | ) ) ) ) |

**AMENDED ANSWER, CROSSCLAIM, AND DEMAND FOR TRIAL BY JURY OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC., d/b/a SIX FLAGS NEW ENGLAND, AND STUART AMUSEMENT COMPANY**

Now come the defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, hereinafter collectively as "the defendants", and by and through its attorneys, hereby answer the plaintiff's complaint as follows:

PARTIES

1. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the plaintiff's complaint.

2. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the plaintiff's complaint.

3. The defendants deny the allegations contained in Paragraph 3 of the plaintiff's complaint.

4. The defendants deny the allegations contained in Paragraph 4 of the plaintiff's complaint.

943372v1

5.　　The defendants deny the allegations contained in Paragraph 5 of the plaintiff's complaint.

6.　　The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the plaintiff's complaint.

## JURISDICTION AND VENUE

7.　　The defendants deny the allegations contained in Paragraph 7 of the plaintiff's complaint.

## FACTS

8.　　The defendants deny the allegations contained in Paragraph 8 of the plaintiff's complaint.

9.　　The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the plaintiff's complaint.

10.　　The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the plaintiff's complaint.

11.　　The defendants deny the allegations contained in Paragraph 11 of the plaintiff's complaint.

12.　　The defendants deny the allegations contained in Paragraph 12 of the plaintiff's complaint.

13.　　The defendants deny the allegations contained in Paragraph 13 of the plaintiff's complaint.

14.　　The defendants deny the allegations contained in Paragraph 14 of the plaintiff's complaint.

15. The defendants deny the allegations contained in Paragraph 15 of the plaintiff's complaint.

16. The defendants deny the allegations contained in Paragraph 16 of the plaintiff's complaint.

17. The defendants deny the allegations contained in Paragraph 17 of the plaintiff's complaint.

## COUNT I – NEGLIGENCE

18. The defendants repeat and reaver their responses to Paragraph 1 through 17 of the plaintiff's complaint as if fully set forth herein.

19. The defendants deny the allegations contained in Paragraph 19 of the plaintiff's complaint.

20. The defendants deny the allegations contained in Paragraph 20 of the plaintiff's complaint.

21. The defendants deny the allegations contained in Paragraph 21 of the plaintiff's complaint.

22. The defendants deny the allegations contained in Paragraph 22 of the plaintiff's complaint.

## COUNT II – BREACH OF EXPRESS AND IMPLIED WARRANTIES

23. The defendants deny the allegations contained in Paragraph 23 of the plaintiff's complaint.

24. The defendants deny the allegations contained in Paragraph 24 of the plaintiff's complaint.

943372v1

25. The defendants deny the allegations contained in Paragraph 25 of the plaintiff's complaint.

26. The defendants deny the allegations contained in Paragraph 26 of the plaintiff's complaint.

## SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon the defendants.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every count contained in plaintiffs' complaint.

### FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the defendants with respect to each and every count contained in plaintiffs' complaint.

### FIFTH AFFIRMATIVE DEFENSE

The causes of action alleged in plaintiff's complaint are barred by any applicable statutes of limitations and/or statutes of repose.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

943372v1

SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the negligence of the plaintiff was greater than the alleged negligence of defendants and that such negligence of the plaintiff's contributed to his alleged injury, and, therefore, the plaintiff is barred from recovery under M.G.L., Ch. 231, Sec. 85.

NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the injuries and damages which the plaintiff allegedly suffered was caused by an intervening or superseding cause or negligence of other persons, their acts or omissions or entities for whose conduct the defendants are not legally responsible.

TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they are without legal responsibility for the injuries sustained by the plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred because of insufficiency of process.

TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by estoppel.

FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by operation of law.

943372v1

### FIFTEENTH AFFIRMATIVE DEFENSE

The warranties claimed did not arise under contract or agreement or circumstances alleged in the plaintiff's complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendants were not given proper notice of the alleged breaches of warranties as required by law and, therefore, were prejudiced.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims set forth in the plaintiff's complaint are barred by virtue of the plaintiff's failure to mitigate his damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver and/or release.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by a valid and enforceable release of any claims against the defendants.

WHEREFORE, the defendants demand that the complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

### CROSSCLAIM OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC. d/b/a SIX FLAGS NEW ENGLAND, AND STUART AMUSEMENT COMPANY AGAINST DEFENDANT, INTAMIN AG

The defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, assert by way of crossclaim against the defendant, Intamin AG, the following:

943372v1

## COUNT I – CONTRIBUTION

1. The proximate cause of any injuries and damages to the plaintiff, as alleged in their complaint, would be the negligence, carelessness, and breach of express and implied warranties of defendant, Intamin AG, in its design, manufacture, sale, distribution, installation, operation, and/or maintenance of the Superman Ride of Steel Rollercoaster.

2. In the event that the plaintiff should recover any judgment against defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, for damages for his alleged injuries sustained because of any negligence, carelessness, or breach of express and implied warranties on the part of the said defendants, then in that event defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, as the crossclaim plaintiff will be entitled to judgment against defendant, Intamin AG, for contribution toward damages and costs awarded to said plaintiff, as a result of defendant, Intamin AG, being a joint tortfeasor.

## COUNT II – INDEMNIFICATION

1. The proximate cause of any injuries and damages to the plaintiff, as alleged in their complaint, would be the negligence, carelessness, and breach of express and implied warranties of defendant, Intamin AG, in its design, manufacture, sale, distribution, installation, operation, and/or maintenance of the Superman Ride of Steel Rollercoaster.

2. In the event that the plaintiff should recover any judgment against defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, for damages for his alleged injuries sustained because of any negligence, carelessness, or breach of express and implied warranties on the part of the said defendants, then in that event defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New

943372v1

England, and Stuart Amusement Company, as the crossclaim plaintiff will be entitled to judgment against defendant, Intamin AG, by way of an express and/or implied indemnity.

WHEREFORE, if the plaintiff recovers a judgment, it should be satisfied in whole or in part by defendant, Intamin AG.

## JURY CLAIM

The defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, demand a jury trial on all issues triable before a jury.

SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC. d/b/a SIX FLAGS NEW ENGLAND, AND STUART AMUSEMENT COMPANY,

By its attorneys,

MORRISON MAHONEY LLP


/s/ John P. Graceffa
John P. Graceffa, BBO #205920
Allain Collins, BBO #659492
Fay M. Chen, BBO #652651
250 Summer Street
Boston, MA 02210-1181
Tel. (617) 439-7500