UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| ALBERT HENRY HUGH SCARDINO | ) | |
| AND ALBERT SCARDINO | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-30140-MAP |
| | ) | |
| SIX FLAGS, INC., RIVERSIDE PARK | ) | |
| ENTERPRISES, INC. d/b/a SIX FLAGS | ) | |
| NEW ENGLAND, STUART | ) | |
| AMUSEMENT COMPANY, and | ) | |
| INTAMIN LTD, | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO AMENDED COMPLAINT, CROSSCLAIM AGAINST INTAMIN LTD,
AND DEMAND FOR TRIAL BY JURY
OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES, INC.,
d/b/a SIX FLAGS NEW ENGLAND, AND STUART AMUSEMENT COMPANY**

Now come the defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, hereinafter collectively as "the defendants", and by and through their attorneys, hereby answer the plaintiffs' amended complaint as follows:

PARTIES

1. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the plaintiffs' amended complaint.

2. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of the plaintiffs' amended complaint.

3. The defendants deny the allegations contained in Paragraph 3 of the plaintiffs' amended complaint.

943372v1

4.     The defendants deny the allegations contained in Paragraph 4 of the plaintiffs' amended complaint.

5.     The defendants deny the allegations contained in Paragraph 5 of the plaintiffs' amended complaint.

6.     The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the plaintiffs' amended complaint.

<u>JURISDICTION AND VENUE</u>

7.     The defendants deny the allegations contained in Paragraph 7 of the plaintiffs' amended complaint.

<u>FACTS</u>

8.     The defendants deny the allegations contained in Paragraph 8 of the plaintiffs' amended complaint.

9.     The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the plaintiffs' amended complaint.

10.     The defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the plaintiffs' amended complaint.

11.     The defendants deny the allegations contained in Paragraph 11 of the plaintiff's amended complaint.

12.     The defendants deny the allegations contained in Paragraph 12 of the plaintiffs' amended complaint.

13.     The defendants deny the allegations contained in Paragraph 13 of the plaintiffs' amended complaint.

943372v1

14.    The defendants deny the allegations contained in Paragraph 14 of the plaintiffs' amended complaint.

15.    The defendants deny the allegations contained in Paragraph 15 of the plaintiffs' amended complaint.

16.    The defendants deny the allegations contained in Paragraph 16 of the plaintiffs' amended complaint.

17.    The defendants deny the allegations contained in Paragraph 17 of the plaintiffs' amended complaint.

<u>COUNT I – NEGLIGENCE</u>

18.    The defendants repeat and reaver their responses to Paragraph 1 through 17 of the plaintiffs' amended complaint as if fully set forth herein.

19.    The defendants deny the allegations contained in Paragraph 19 of the plaintiffs' amended complaint.

20.    The defendants deny the allegations contained in Paragraph 20 of the plaintiffs' amended complaint.

21.    The defendants deny the allegations contained in Paragraph 21 of the plaintiffs' amended complaint.

22.    The defendants deny the allegations contained in Paragraph 22 of the plaintiffs' amended complaint.

<u>COUNT II – BREACH OF EXPRESS AND IMPLIED WARRANTIES</u>

23.    The defendants deny the allegations contained in Paragraph 23 of the plaintiffs' amended complaint.

24.     The defendants deny the allegations contained in Paragraph 24 of the plaintiffs' amended complaint.

25.     The defendants deny the allegations contained in Paragraph 25 of the plaintiffs' amended complaint.

26.     The defendants deny the allegations contained in Paragraph 26 of the plaintiffs' amended complaint.

SEPARATE DEFENSES

FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs' amended complaint fails to state a claim upon which relief can be granted and must be dismissed.

SECOND AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon the defendants.

THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every count contained in plaintiffs' amended complaint.

FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the defendants with respect to each and every count contained in plaintiffs' amended complaint.

FIFTH AFFIRMATIVE DEFENSE

The causes of action alleged in plaintiffs' amended complaint are barred by any applicable statutes of limitations and/or statutes of repose.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the negligence of plaintiffs was greater than the alleged negligence of defendants and that such negligence of plaintiffs contributed to their alleged injury, and, therefore, the plaintiffs are barred from recovery under M.G.L., Ch. 231, Sec. 85.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because the injuries and damages which plaintiffs allegedly suffered were caused by an intervening or superseding cause or negligence of other persons, their acts or omissions or entities for whose conduct the defendants are not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that they are without legal responsibility for the injuries sustained by the plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' amended complaint is barred because of insufficiency of process.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs' amended claims are barred by estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' amended claims are barred by operation of law.

### FOURTEENTH AFFIRMATIVE DEFENSE

The warranties claimed did not arise under contract or agreement or circumstances alleged in the plaintiffs' amended complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendants were not given proper notice of the alleged breaches of warranties as required by law and, therefore, were prejudiced.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims set forth in the plaintiffs' amended complaint are barred by virtue of the plaintiffs' failure to mitigate their damage.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' amended claims are barred by the doctrines of waiver and/or release.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' amended claims are barred by a valid and enforceable release of any claims against the defendants.

WHEREFORE, the defendants demand that the amended complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

**CROSSCLAIM OF DEFENDANTS, SIX FLAGS, INC., RIVERSIDE PARK
ENTERPRISES, INC. d/b/a SIX FLAGS NEW ENGLAND, AND
STUART AMUSEMENT COMPANY AGAINST DEFENDANT, INTAMIN LTD**

The defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New
England, and Stuart Amusement Company, assert by way of crossclaim against the defendant,
Intamin Ltd, the following:

### COUNT I – CONTRIBUTION

1.      The proximate cause of any injuries and damages to the plaintiff, as alleged in
their amended complaint, would be the negligence, carelessness, and breach of express and
implied warranties of defendant, Intamin Ltd, in its design, manufacture, sale, distribution,
installation, operation, and/or maintenance of the Superman Ride of Steel Rollercoaster.

2.      In the event that the plaintiff should recover any judgment against defendants,
Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart
Amusement Company, for damages for their alleged injuries sustained because of any
negligence, carelessness, or breach of express and implied warranties on the part of the said
defendants, then in that event defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a
Six Flags New England, and Stuart Amusement Company, as the crossclaim plaintiff will be
entitled to judgment against defendant, Intamin Ltd, for contribution toward damages and costs
awarded to said plaintiffs, as a result of defendant, Intamin Ltd, being a joint tortfeasor.

### COUNT II – INDEMNIFICATION

1.      The proximate cause of any injuries and damages to the plaintiffs, as alleged in
their amended complaint, would be the negligence, carelessness, and breach of express and
implied warranties of defendant, Intamin Ltd., in its design, manufacture, sale, distribution,
installation, operation, and/or maintenance of the Superman Ride of Steel Rollercoaster.

2.      In the event that the plaintiffs should recover any judgment against defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, for damages for their alleged injuries sustained because of any negligence, carelessness, or breach of express and implied warranties on the part of the said defendants, then in that event defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, as the crossclaim plaintiff will be entitled to judgment against defendant, Intamin Ltd., by way of an express and/or implied indemnity.

WHEREFORE, if plaintiffs recover a judgment, it should be satisfied in whole or in part by defendant, Intamin Ltd.

### JURY CLAIM

The defendants, Six Flags, Inc., Riverside Park Enterprises, Inc. d/b/a Six Flags New England, and Stuart Amusement Company, demand a jury trial on all issues triable before a jury.

Respectfully submitted,
SIX FLAGS, INC., RIVERSIDE PARK
ENTERPRISES, INC. d/b/a SIX FLAGS
NEW ENGLAND, STUART
AMUSEMENT COMPANY,
By their attorneys,

**MORRISON MAHONEY LLP**

/s/ Allain P. Collins
_____
John P. Graceffa, BBO #205920
Allain P. Collins, BBO #659492
250 Summer Street
Boston, MA 02210
(617) 737-8840

## CERTIFICATE OF SERVICE

I, Allain P. Collins, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, upon the attorney of record for each party on October 25, 2004.

/s/Allain P. Collins
Allain P. Collins