UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS-WESTERN DIVISION



ALBERT HENRY HUGH SCARDINO and
ALBERT SCARDINO,
              Plaintiffs,

v.
                                               C.A. No. 04-30140-MAP

SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES,
INC., d/b/a SIX FLAGS NEW ENGLAND, STUART
AMUSEMENT COMPANY, and INTAMIN LTD.,
              Defendants.

## DEFENDANT INTAMIN LTD.'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

Defendant Intamin Ltd. hereby answers the serially numbered counts and paragraphs of plaintiffs' Complaint as follows:

## PARTIES

1.      Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3.      Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Denied in form alleged.

## JURISDICTION AND VENUE

7. Denied.

## FACTS

8. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, any allegations of negligence or wrongful conduct against Intamin, either expressed or implied, in these paragraphs are expressly denied.

9. Paragraph 9 of the plaintiff's Complaint does not contain an appropriate allegation of fact, but rather it is argumentative and purports to set forth a conclusion of law concerning Intamin Ltd.'s duty and the express and implied warranties allegedly made by Intamin. Therefore, no response is required. Intamin Ltd. nonetheless denies the existence of any duty and/or express or implied warranties beyond those recognized or imposed by law. Furthermore, any allegations of negligence or wrongful conduct, either expressed or implied, on the part of Intamin Ltd. are expressly denied.

10. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, any allegations of negligence or wrongful conduct against Intamin, either expressed or implied, in these paragraphs are expressly denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Intamin Ltd. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. However, any allegations of negligence or wrongful conduct against Intamin, either expressed or implied, in these paragraphs are expressly denied.

17. Denied.

## COUNT I – NEGLIGENCE

18. Intamin Ltd. repeats and incorporates its answers to paragraphs 1 through 17 as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

3

## COUNT II-BREACH OF EXPRESS AND IMPLIED WARRANTIES

23. Denied.

24. Denied.

25. Denied.

26. Denied.

The next paragraph is a demand for judgment to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' negligence exceeds the negligence of the defendants, or their right to recover is reduced proportionately by the degree of their own negligence relative thereto.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged by plaintiffs were caused by a person or entity for whose conduct Intamin Ltd. was not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff knowingly assumed the risk of any alleged injury complained of.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

This court lacks personal jurisdiction over Intamin Ltd.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' late notice of alleged breaches of warranty has prejudiced Intamin Ltd., wherefore plaintiffs are barred from recovery.

### SEVENTH AFFIRMATIVE DEFENSE

Even if the subject roller coaster were defective, which Intamin Ltd. specifically denies, the injuries and damages alleged, if any, were caused by the plaintiff's and/or a third party's intentional, knowing and/or negligent misuse of the product.

### EIGHTH AFFIRMATIVE DEFENSE

Any defect which may have existed in the subject roller coaster, the existence of which is denied, did not exist when the subject roller coaster left the control of Intamin Ltd, if it did.

### NINTH AFFIRMATIVE DEFENSE

The injuries and damages alleged, if any, resulted from a superseding or intervening cause, and were not caused by any conduct, culpable or otherwise, on the part of Intamin Ltd.

### TENTH AFFIRMATIVE DEFENSE

The subject roller coaster complied with the scientific and technological state of the art at the time of its sale and/or distribution.

### ELEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the plaintiffs' claims.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to mitigate their claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and/or release.

**DEFENDANT CLAIMS A TRIAL BY JURY AS TO ALL COUNTS**

The defendant,
Intamin Ltd.
By its attorneys,

_____
Peter M. Durney #139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

## CERTIFICATE OF SERVICE

I, Peter M. Durney, attorney for the defendant, Intamin Ltd., hereby certify that on the 17th day of November, 2004, a true copy of the foregoing Defendant Intamin Ltd.'s Answer to Plaintiff's Amended Complaint, was served by mail, postage prepaid, directed to:

Alan M. Spiro, Esq.
Wendy L. Rosebush, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

John P. Graceffa, Esq.
Allain Collins, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Albert L. Kramer, Esq.
64 Humphrey Street
Swampscott, MA 01907

_____
Peter M. Durney

6