UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS-WESTERN DIVISION




ALBERT HENRY HUGH SCARDINO and
ALBERT SCARDINO,
               Plaintiffs,

v.                                              C.A. No. 04-30140-MAP

SIX FLAGS, INC., RIVERSIDE PARK ENTERPRISES,
INC., d/b/a SIX FLAGS NEW ENGLAND, STUART
AMUSEMENT COMPANY, and INTAMIN LTD.,
               Defendants.

## JOINT STATEMENT OF THE PARTIES
## PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to United States District Court Local Rule 16.1(D), the parties propose the following schedule for the subject litigation:

### I. STATEMENT OF FACTS

This action is brought by Plaintiffs, Albert Henry Hugh Scardino and Albert Scardino, for damages they incurred as a result of injuries Albert Henry Hugh Scardino allegedly sustained on or about August 6, 2001, while riding in a roller coaster allegedly designed, manufactured, sold, and/or distributed by Defendant Intamin, Ltd. located at the Six Flags New England amusement park allegedly operated by Defendant Riverside Park Enterprises, Inc., d/b/a/ Six Flags New England and allegedly owned by Defendant Stuart Amusement Company, a subsidiary of Defendant Six Flags Inc. Plaintiff's Complaint sounds in product liability with Counts for Negligence and Breach of Express and Implied Warranties. Defendants deny those allegations, have asserted Affirmative Defenses and demand a jury trial.

### II. JOINT DISCOVERY PLAN AND FILING OF MOTIONS

1. Discovery shall be completed by December 15, 2005.
2. All motions pursuant to Fed. R. Civ. P. 12, 15, 19, and 20 shall be filed no later than July 1, 2005.

3. Discovery shall commence on January 31, 2005. All requests for production of documents pursuant to Fed. R. Civ. P. 34, all interrogatories propounded pursuant to Fed. R. Civ. P. 33, and all requests for admission pursuant to Fed. R. Civ. P. 36 shall be served no later than July 1, 2005. All answers/responses to the written discovery indicated above, other than expert discovery, shall be served no later than August 15, 2005.

4. All factual depositions (non-expert witnesses) shall be concluded no later than August 15, 2005.

5. Plaintiff's counsel agrees to provide all of the medical records of plaintiff, which are presently due under Local Rule 35.1 no later than February 25, 2005.

6. The number of non-expert depositions that each side may take is limited to 10, exclusive of any Keeper of Records depositions.

7. Plaintiff shall identify his experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before September 1, 2005.

8. Defendant shall identify its experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before October 17, 2005.

9. The experts may be deposed. The parties shall pay reasonable expert fees as provided for under Rule 26a(4)(C). The parties agree to discuss further the location of expert depositions with the understanding that, if agreement may not be reached, an appropriate motion will be filed at that time. Plaintiff's experts shall be deposed by November 15, 2005. Defendant's experts shall be deposed by December 15, 2005.

10. Any discovery motions under Rule 37 shall be filed on or before September 15, 2005.

11. All dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed on or before January 16, 2006.

12. A final pretrial conference shall be scheduled by the Court on or some time following January 16, 2006.

13. The parties expect to be ready for trial by February 15, 2006.

### III. TRIAL BEFORE A MAGISTRATE

The parties do not, at this time, consent to having this case tried before a magistrate, but would respectfully defer that decision, if possible.

## IV. CERTIFICATIONS

The parties' counsels have conferred with their clients as to establishing a budget or cost for the litigation and with respect to ADR programs. Certificates Pursuant to Local Rule 16.1(D)(3) are to be filed under separate cover by each party.

_____
Plaintiff,
Albert Henry Hugh Scardino and
Albert Scardino
By Their Attorney,
Albert L. Kramer, Esq.
64 Humphrey Street
Swampscott, MA 01907

_____
Defendants,
Riverside Park Enterprises, Inc., d/b/a/
Six Flags New England, Stuart
Amusement Company and Six Flags, Inc.
By Their Attorneys,
John P. Graceffa, Esq.
Allain Collins, Esq.
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

_____
Defendant,
Intamin, Ltd.
By Its Attorneys,
Peter M. Durney, BBO # 139260
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110

## CERTIFICATE OF SERVICE

I, Anthony J. Manhart, attorney for the defendant, Intamin, Ltd., hereby certify that on the 11th day of January, 2005, a true copy of the foregoing, Joint Statement of the Parties Pursuant to Local Rule 16.1(D), was served by mail, postage prepaid, directed to:

Alan M. Spiro, Esq.
Wendy L. Rosebush, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

John P. Graceffa, Esq.
Allain Collins, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

Albert L. Kramer, Esq.
64 Humphrey Street
Swampscott, MA 01907

_____
Anthony J. Manhart